IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHERRY D. A. STRACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:02-CV-78 |
| V. | ) | (Phillips) |
| | ) | |
| AVENTIS BIO-SERVICES, INC., and UNUM | ) | |
| LIFE INSURANCE COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the motion for judgment on the administrative record [Doc. 19] filed by plaintiff and defendant's cross-motion for judgment [Doc. 26]. Plaintiff has brought this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.* Plaintiff seeks a determination that she is entitled to continued service credit toward her pension for the period of time she is disabled. For the reasons which follow, defendant's motion will be granted; plaintiff's cross-motion will be denied; and judgment will be entered in favor of defendant.

## Background

Strach worked for Aventis (or its predecessor) until late 2001, when she was diagnosed with fibromyalgia. Aventis sponsored and administered an ERISA benefits plan that provided, among other things, long-term disability (LTD) benefits. Aventis lawfully

delegated the discretion to determine whether a plan participant is eligible for LTD benefits to Unum Life Insurance. Under the Plan, if a participant is eligible for LTD benefits, she is also eligible for continued service credit benefits.

Strach ceased active employment with Aventis on December 17, 2001. She sought benefits under Aventis' short-term disability (STD) plan. Unum Life Insurance Company of America recommended Aventis deny Strach's claim for STD benefits, and she filed this action against both defendants. While the action was pending, Unum denied Strach's claim for benefits under the LTD plan. The parties settled the claims seeking benefits under the STD and LTD plans by paying Strach a lump sum. An agreed order submitted by the parties provided that this action would be held in abeyance pending a determination concerning Strach's pension benefit by Aventis. Unum was subsequently dismissed from this action.

The sole remaining issue in this case is Strach's claim that she is entitled to continued service credit toward her pension for the period of time she is disabled. Strach seeks a declaratory judgment under ERISA that she is entitled to additional benefits under the Aventis' pension plan.

## **Analysis**

Under 29 U.S.C. § 1132(a)(1)(B), a participant may bring an action "to clarify his rights to future benefits under the terms of the plan." Strach contends that because Unum settled her claim for LTD benefits, she has prevailed on the issue of her long-term

-2-

Case 3:02-cv-00078   Document 32   Filed 03/21/06   Page 2 of 6   PageID #: 48

disability, which caused her to leave her employment at Aventis, invoking her right to disability retirement benefits, including credited service. Aventis, however, asserts that Strach cannot show she received LTD benefits under the Plan so that her credited service ended when her employment terminated on December 17, 2001.

Section 5.5 of the Aventis' Pension Plan states that a "participant will continue to accrue Years of Credit Service from his Disability Retirement Date as long as he receives long-term disability benefits under the Company's Long Term Disability Plan."

Section 9.4 of the Plan gives the plan administrator the "full discretionary power and authority to make factual determinations to interpret the Plan, to make benefit eligibility determinations and to determine all questions arising in the administration, interpretation and application of the Plan." Aventis lawfully delegated the discretion to determine pension issues to The Savitz Organization. Savitz denied Strach's claim for continued service credits because it determined that she was not receiving LTD benefits under the Plan; thus, her credited service ended with the termination of her employment.

Because the Aventis Pension Plan expressly grants discretionary authority to determine eligibility for benefits to the administrator, the court reviews The Savitz Organization's decision to deny benefits under the "highly deferential arbitrary and capricious standard of review." *Yeager v. Reliance Standard Life Ins. Co.,* 88F.3d376, 380 (6th Cir. 1996); *see also Firestone Tire & Rubber Co. V. Bruch,* 489 U.S. 101, 115 (1989). Review under the arbitrary and capricious standard is the least demanding form of judicial

review of an administrative action, requiring only an explanation based on substantial evidence that results from "a deliberate and principled reasoning process." *Killiam v. Healthsource Provident Adm'rs, Inc.,*152 F.3d 514, 520 (6th Cir. 1998).

Aventis asserts the fact that Strach settled her LTD claim with Unum fails to establish that she "received" LTD benefits. The Sixth Circuit Court of Appeals recently addressed the same basic issue in *Gahn v. Acordia of Kentucky, Inc.,* 2005 WL 2850271 (6th Cir. Nov. 1, 2005) (unpublished). In *Gahn,* the employee sought retiree medical benefits after settling her LTD claim. To obtain retiree medical benefits, the employee was required to establish that Unum found the employee was "disabled." The settlement agreement, however, did not include any such determination. The Sixth Circuit rejected the employee's claim, stating:

> because Acordia lawfully delegated the authority for making the disability determination to Unum, the issue is not whether the administrative record supports a finding that Gahn is disabled, but whether Unum in fact found her to be disabled. On this crucial point Gahn has failed entirely to create a genuine dispute of material fact necessary to survive summary judgment. . . . The only evidence before the district court regarding Unum's opinion of Gahn's disability was its two letters to her indicating she was not disabled. The district court therefore did not draw an improper inference against Gahn based on the settlement agreement's silence regarding Unum's opinion as to her disability status, but rather found that this silence rendered her without any evidence to counter Unum's two letters finding her not disabled. Because there was no genuine issue of material fact as to Unum's finding her not disabled, and because Gahn's entitlement to retiree medical benefits rests entirely upon her being found disabled by Unum, the district court's grant of summary judgment to Acordia was correct.

*Id.* at *3.

The court finds the reasoning in *Gahn* applicable to the facts of the instant case. Like Gahn, Strach is seeking a benefit (continued service credit) under the LTD provisions of the Plan after settling her claim for LTD payments. Section 5.5 of the Plan provides that receipt of LTD payments determines whether a participant continues to accrue credited service. To obtain continued service credit, Strach was required to establish that she was receiving LTD payments. When Strach settled her LTD claim, she agreed that the settlement would not constitute an "admission of liability" and acknowledged that "liability is expressly denied." Contrary to Strach's argument, neither Aventis (nor Unum) made any representation about the validity or invalidity of her STD or LTD claims when they agreed to settle these claims. Nothing in the Unum settlement agreement with Strach provided that the settlement payment constituted the receipt of LTD benefits. On the contrary, the settlement agreement denied all liability for LTD benefits. Neither ERISA nor the terms of the Pension Plan require Aventis to recognize the lump sum payment made to Strach as a LTD payment. Without such a provision, Strach cannot establish that she has received LTD benefits; thus, she has failed to show that she is entitled to continued service credit under Section 5.5 of the Pension Plan. Because the record evidence fails to show that Strach is receiving LTD benefits, Aventis' decision to deny her continued service credit under the Pension Plan was rational, and accordingly, not arbitrary or capricious. Judgment in Aventis' favor is appropriate.

## Conclusion

For the reasons stated above, Aventis Bio-Services' motion for judgment on the record will be granted, and plaintiff's motion for judgment on the record will be denied.

**ENTER:**

    s/ Thomas W. Phillips
    United States District Judge